IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Richard Riggall,** | )    **CASE NO. 4:20 CV 1715** |
|     **Petitioner,** | ) <br> )    **JUDGE DONALD C. NUGENT** |
|     v. | ) <br> ) <br> )    **MEMORANDUM OPINION** <br> )    **AND ORDER** |
| **Warden Mark Williams,** *et al.***,** | ) <br> ) <br> ) |
|     **Respondents.** | ) |

*Pro se* Petitioner Richard Riggall, a federal inmate incarcerated at FCI Elkton (Elkton), has filed an "Emergency Petition for *Habeas Corpus*" pursuant to 28 U.S.C. § 2241, seeking release to "alternate confinement" (*i.e.*, home confinement, furlough, non-transfer furlough, or RRC placement) on the basis of COVID-19 circumstances in the prison. (Doc. No. 1.) He has now paid the filing fee.

Federal district courts must conduct an initial review of *habeas corpus* petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must deny a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

Upon review, the Court finds that the Petition must be dismissed. Before a prisoner may

seek *habeas corpus* relief under § 2241, he must first exhaust his administrative remedies within the Bureau of Prisons ("BOP"). *Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017). Where "it is apparent on the face of a § 2241 petition that the petitioner has not exhausted his administrative remedies, a district court may *sua sponte* dismiss the petition without prejudice." *Id*.

Exhaustion of administrative remedies serves two main purposes: 1) it "protects administrative agency authority," by ensuring that an agency has an opportunity to review and revise its actions before litigation is commenced, which preserves both judicial resources and administrative autonomy; and 2) it promotes efficiency because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (citing *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). In addition, exhaustion of available administrative procedures also ensures that the Court has an adequate record before it to review the agency action in question. *Woodford*, 548 U.S. at 89. *See also Detroit Newspaper Agency v. N.L.R.B.*, 286 F.3d 391, 396 (6th Cir. 2002) ("The purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence, to make a factual record, to apply its expertise and to correct its own errors so as to moot judicial controversies.") (quoting *Shawnee Coal Co. v. Andrus*, 661 F.2d 1083, 1092 (6th Cir. 1981) (other citations omitted)).

It appears on the face of the Petition that Petitioner has not fully exhausted a claim for release to alternate confinement with the BOP. This Court has held, and agreed with other district courts that have held, it is necessary for federal prisoners to demonstrate they have exhausted their administrative remedies with the BOP before seeking relief due to COVID-19

circumstances, regardless of the statutory basis for their claim. *See, e.g., Richardson v. Williams,* Case No. 4: 20 CV 1023 (N.D. Ohio May 15, 2020); *Singleton v. Williams,* No. 4: 20 CV 961, 2020 WL 2526990 (N.D. Ohio May 18, 2020); *Bronson v. Carvaljal*, Case No. 4: 20-cv-914, 2020 WL 2104542 (N.D. Ohio May 1, 2020). As the court reasoned in *Bronson*, the BOP has procedures in place and is in the best position in the first instance to determine which federal prisoners are suitable for home confinement based on COVID-19 risk factors. *See Bronson,* 2020 WL 2104542, at **2-3.

Further, in the Sixth Circuit's recent decision in *Wilson v. Williams*, 961 F.3d 829 (6th Cir. 2020), the Sixth Circuit examined the conditions at Elkton and concluded that a class of medically vulnerable inmates was not likely to succeed on the merits of an Eighth Amendment on the basis of COVID-19 circumstances for purposes of relief under § 2241. The Sixth Circuit found that "as of April 22, the BOP responded reasonably to the known, serious risks posed by COVID-19 to petitioners at Elkton." *Id*. at 840. The Court also found that given the BOP's "measures to prevent the spread of COVID-19," its "failure to make robust use of transfer, home confinement, or furlough," including for medically vulnerable inmates, did not constitute deliberate indifference *Id.* at 844.

## Conclusion

Because it is apparent Petitioner has not fully exhausted his administrative remedies and in light of *Wilson*, the Petition in this matter is dismissed without prejudice in accordance with 28 U.S.C. § 2243 and Rule 4 of the Rules Governing *Habeas Corpus* Cases. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: August 27, 2020